UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED WHEELER, | ) |
|     Petitioner / Judgment Creditor, | ) |
| v. | ) |
| FEDERAL INSURANCE COMPANY, | ) Case No. 4:11CV682 RWS |
|     Garnishee, | ) |
| WARRENTON ASSOCIATES I, WARRENTON APARTMENTS, C/O MACO MANAGEMENT | ) |
|     Respondent / Judgment Debtor. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Alfred Wheeler alleges that he sustained an injury as a result of a fall at the Warrenton Apartments. Wheeler sued the Warrenton Apartments and received a default judgment. Wheeler sought to collect the judgment from Warrenton's premises liability insurer, Garnishee Federal Insurance Company. Federal asserts that Warrenton's failure to notify Federal of the lawsuit precludes coverage for this claim. Federal has moved for summary judgment. Because there is no insurance coverage for the judgment, I will grant Federal's motion for summary judgment.

*Background*

On January 13, 2007, Wheeler alleges that he was injured when he fell at the Warrenton Apartments in Warrenton, Missouri. On October 23, 2008, Wheeler filed a lawsuit against Warrenton in the case styled Wheeler v. Warrenton Assoc., et al., Cause No. 08BB-CC71. The

case was heard in the Circuit Court of Warren County, Missouri. On August 6, 2009, Wheeler was awarded a default judgment against Warrenton in the amount of $175,654.10.

Warrenton is a named insured on a policy of commercial general liability insurance issued by Federal Insurance Company in Policy No. 3578-4989. The policy was in effect from May 1, 2006 through May 1, 2007. On August 15, 2008, more than two months before the lawsuit was filed, Wheeler's counsel sent a copy of a the proposed petition to Warrenton's insurer, Garnishee Federal Insurance Company. The proposed petition had not been filed with any court and did not contain a case number.

After the lawsuit was filed it was served on Warrenton's registered agent, CT Corporation. The date of service was November 3, 2008. CT Corporation forwarded the service documents to a limited partner of Warrenton called MMA. Warrenton never received the service documents from CT Corporation or MMA. The service documents were not forwarded to Garnishee Federal Insurance Company.

Warrenton did not notify Federal of the lawsuit nor did it send a copy of the service documents to Federal.

On August 13, 2010, one year and seven days after the default judgment was entered, Wheeler's attorney sent Federal a copy of the default judgment. This was the first notice that Federal had that the lawsuit had actually been filed.

Federal initiated an investigation which revealed that Warrenton was properly served through its registered agent and failed to notify Federal of the lawsuit. On November 1, 2010, Federal filed a motion to intervene in the lawsuit and to set aside the judgment. Its motion was denied on December 9, 2010.

On April 18, 2011, Wheeler filed a garnishment against Federal seeking to collect the judgment. Federal answered the garnishment and denied coverage based on one or more policy provisions and removed the garnishment action to this Court.

Federal's liability policy contains conditions of coverage entitled "Duties in the Event of Occurrence, Offense, Claim or Suit, and Legal Claims Against Us." (Doc. # 39, Ex. H, pp. 21-22) That section contains a provision that Warrenton had a duty to "as soon as practicable" send copies of demands, notices, summons or legal papers in connection to a claim to Federal. (Id. at 21) Warrenton was aware of this provision but never sent Federal a copy of the summons or lawsuit to Federal. (Doc. # 39, Ex. E, pp. 46-47)

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Citrate, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy.

Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

It is undisputed that Wheeler's garnishment action against Federal was filed under section 525.010 R.S.Mo. and Missouri Rule of Civil Procedure 90.01 and is an attempt to collect the judgment from a policy of insurance purchased by Warrenton. Wheeler, as the garnishor, has the burden of proof to show that his claim is within the coverage provided by Federal's policy. M.A.B. v. Nicely, 911 S.W.2d 313, 315 (Mo. Ct. App. 1995). "The rights of the injured person bringing an action against the insurer for equitable garnishment are derivative and can rise no higher than those of the insured so that the insurer may set up in the garnishment proceeding" any defense it could have asserted against the insured. Anderson v. Slayton, 662 S.W.2d 575, 577 (Mo. Ct. App. 1983). If an insurance company seeks to avoid coverage based on an exclusion, it bears the burden of proof to show that the exclusion applies to a claim. M.A.B., 911 S.W.2d at 315.

An insurer may deny liability coverage to its insured if the insured commits a material breach of the policy. Hendrix v. Jones, 580 S.W.2d 740, 742 (Mo. 1979). If an insured fails to substantially comply with a policy's notice requirement a material breach will have occurred and the insurer may avoid liability. Weaver v. State Farm, 936 S.W.2d 818, 821 (Mo. 1997). An insurer must establish that it was prejudiced by the insured's breach in order to deny coverage. Id.

Federal asserts that there is no coverage available for Wheeler's default judgment because Warrenton failed to comply with its duty to notify Federal of Wheeler's lawsuit as required under the policy section "Duties in the Event of Occurrence, Offense, Claim or Suit, and Legal Claims

Against Us." (Doc. # 39, Ex. H, pp. 21-22) . The undisputed evidence is that Warrenton never provided notice to Federal of Wheeler's lawsuit. Moreover, there is no evidence that Federal was aware that the lawsuit was filed until it received a copy of the default judgment from Wheeler's counsel on August 13, 2012, more that an year after the judgement was entered. Upon learning of the judgement, Federal was unsuccessful in attempting to have the judgment set aside. As a result of Warrenton's failure to notify Federal of the lawsuit, Federal was prejudice by being prevented from participating in the litigation in state court. Anderson v. Slayton, 662 S.W.2d 575, 577 -578 (Mo. Ct. App. 1983)(" an insurer presumptively suffers prejudice when a claim is reduced to judgment by default as a consequence of failure by the insured to provide notice that he has been served with summons.")

Federal's receipt of a copy of Wheeler's proposed petition does not impede Federal's right to deny coverage under the policy. Wheeler's counsel sent a copy of the proposed petition to Federal on August 15, 2008. An attached correspondence stated that counsel planned on filing the petition in one week. Counsel did not file the petition until more than two months later on October 23, 2012.

Notice to an insurer of an intention to file a lawsuit at a later date does equate to notice of an actual lawsuit which triggers coverage under a liability policy. Missouri courts have found it unreasonable to contend that a notice to an insurer of an intention to file suit at a later date obligates the insurer "in the exercise of due diligence to make periodic checks of court records to ascertain if and when suit in fact was commenced." Anderson, 662 S.W.2d at 577. An insurer is "entitled to rely on notice from the insured to apprise it of the filing of suit and, having received no notice, was entitled to assume that [the potential claimant] had not yet" filed the threatened

lawsuit.  Id.  Federal does not have any duty to monitor every threatened lawsuit and may rely on the notice provisions set out in its policy to be appraised of actual lawsuits. As a result, Federal had the right to rely on Warrenton to notify it of when and if Wheeler's threatened lawsuit was filed.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Federal Insurance Company's motion for summary judgment [#39] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of August, 2012.